KOLLAR-KOTELLY, District Judge,
concurring:
I concur fully in both the Court’s excellent opinion and Judge Bates’ thoughtful concurrence. I write separately only to emphasize the importance of the reason *53 able impediment provision in future elections.
Experts for both South Carolina and the Defendants agree that as of April 2012, approximately 130,000 registered voters in South Carolina lacked a photo ID acceptable under Act R54, and those voters are disproportionately likely to be members of a racial minority. Over time, this number is reasonably expected to shrink as voters have the opportunity to obtain the free photo IDs made available under Act R54. However, the photo voter registration card is unlikely to be the panacea South Carolina portrays it to be simply because this form of identification is only available if a voter registers in person at the county elections office. New voters will continue to receive non-photo voter registration cards if they register in person at any of the myriad of other locations where voter registration is available (including public libraries, social service departments, and armed forces recruitment centers, depending on the county) or if the voter registers by mail, and must make a separate trip to the county elections office to obtain the photo voter registration card. Moreover, although Act R54 eliminated the fee for the DMV photo ID, it understandably did not alter the underlying documentation requirement. While Act R54 undoubtedly made it far easier to obtain an acceptable photo ID, some portion of newly registered voters will likely be forced to rely on the reasonable impediment provision in order to vote in the 2014, 2016, and other future elections. Thus, any narrowing of South Carolina’s interpretation of the reasonable impediment provision from what the Court has accepted and required in its opinion must itself be pre-cleared, not just to comply with the procedural requirements of the Voting Rights Act, but also because such narrowing may have the real effect of disenfranchising a group that is likely to be disproportionately comprised of minority voters.
Concurring opinion filed by District Judge BATES, with whom District Judge KOLLAR-KOTELLY joins.